remand for proceedings consistent with this opinion.

All concur.

**STATE of Missouri, Appellant,**

v.

**Michael S. KRAMEL, Respondent.**

**No. WD 52017.**

Missouri Court of Appeals,
Western District.

July 23, 1996.

Tamara Putnam, Asst. Pros. Atty., Jackson County, Independence, for appellant.

Thomas J. Walsh, Lee's Summit, for respondent.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Michael S. Kramel, respondent, was cited for Driving While Intoxicated on July 7, 1995, in Jackson County, Missouri. His driver's license was subsequently administratively revoked. Respondent filed a motion to dismiss the criminal charges arising from the citation alleging a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The trial court granted the motion to dismiss.

Our Supreme Court recently addressed this very issue and held "that the sanction of a license revocation or suspension under section 302.500, et seq., is not punishment for the purposes of the Double Jeopardy Clause." *State v. Mayo*, 915 S.W.2d 758, 762–63 (Mo. banc 1996). Respondent waived his right to file a brief contesting the argument by appellant State of Missouri that the trial court erred in dismissing this case due to the *Mayo* case. We find *Mayo* controlling.

We reverse the trial court's order dismissing the criminal charges in this case and remand for proceedings consistent with this opinion.

All concur.

**Adam E. YOUNG, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 51392.**

Missouri Court of Appeals,
Western District.

July 23, 1996.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., and FENNER and BRECKENRIDGE, JJ.

**ORDER**

PER CURIAM:

Adam Young appeals the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. He claims the trial court erred in denying his motion because

trial counsel was ineffective for refusing to allow him to testify.

Judgment is affirmed. Rule 84.16(b).